UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICK A. SLORP<br>5599 Coogan Place<br>Dublin, Ohio 43016,<br><br>   Plaintiff,<br><br>v.<br><br>LERNER, SAMPSON & ROTHFUSS, A LEGAL PROFESSIONAL ASSOCIATION<br>c/o Richard M. Rothfuss<br>120 East Fourth Street, 8th Floor<br>Cincinnati, Ohio 45202,<br><br>BANK OF AMERICA, N.A.<br>c/o CT Corporation System<br>150 Fayetteville Street., P.O. Box 1011<br>Raleigh, NC 27601,<br><br>SHELLIE HILL<br>3911 Pebble Creek Lane<br>Amelia, Ohio 45102,<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, OH 44114,<br><br>   Defendants. | CIVIL ACTION NO. 2:12-cv-498<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

**I. PRELIMINARY STATEMENT**

1. Plaintiff institutes this action for actual damages, statutory damages, attorney's fees, punitive

   damages, and the costs of this action against Defendant Lerner, Sampson, & Rothfuss

1

("LSR"), Defendant Bank of America, N.A. ("BANA"), Defendant Shellie Hill, and Defendant Mortgage Electronic Registration Systems ("MERS") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"); violations of Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq.*, ("CSPA"); falsification, R.C. 2921.13(G); and for civil conspiracy associated with a foreclosure action.

## II. JURISDICTION

2. This Court has jurisdiction for the First Count pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

4. Plaintiff Rick A. Slorp is a natural person currently residing within this Court's jurisdiction at 5599 Coogan Place, Dublin, Ohio 43016.

5. Defendant BANA is a national association and the successor, by merger, to BAC Home Loans Servicing, LP, which was formally known as Countrywide Home Loans Servicing, LP.

6. Defendant LSR is a legal professional association (law firm) that represented Defendant BANA and its predecessors in a foreclosure action against Plaintiff.

7. Defendant MERS is a company purporting to have authority to execute mortgage assignments on behalf of Defendant BANA and its predecessors.

8. Defendant Shellie Hill is a natural person who was and is employed by Defendant LSR.

9. At all times relevant to this transaction, Plaintiff Rick A. Slorp was and is a **Consumer** within the meaning of 15 U.S.C. § 1692a(3).

10. At all times relevant to this transaction, Plaintiff Rick A. Slorp was and is a **Consumer** within the meaning of R.C. § 1345.01(D).

11. At all times relevant to this transaction, Defendant LSR was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly collects or attempts to collect debts owed or due another.

12. At all times relevant to this transaction, Defendant BANA was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly collects or attempts to collect debts owed or due another.

13. At all times relevant to this transaction, Defendants LSR, MERS, and Shellie Hill were and are a **Supplier** within the meaning of R.C. § 1345.01(C), as they are each engaged in the business of effecting consumer transactions.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

15. On July 21, 2010, Defendant BANA, through counsel (Defendant LSR), filed a foreclosure action in the Court of Common Pleas of Franklin County, Ohio, captioned *BAC Home Loans Servicing, LP v. Rick A. Slorp, et al.*, Case No. 2010 CVE-07-10645 ("the foreclosure action"). A copy of the Complaint ("Complaint") is attached as Exhibit 1.

16. Attached to the Complaint as Exhibit A was a copy of a note ("Note"), dated December 14, 2007, payable to Countrywide Bank, FSB and devoid of indorsements.

17. Attached to the Complaint as Exhibit B was a copy of a mortgage ("Mortgage") given to Countrywide Bank, FSB, dated December 14, 2007, which secured the Note with Plaintiff's primary residence at 5599 Coogan Place, Dublin, Ohio 43016.

18. Defendant LSR falsely claimed Defendant BANA had standing to prosecute the foreclosure action as both the holder of the Note and a person entitled to enforce the Mortgage.

19. Attached to the Complaint as Exhibit C was a document entitled "Assignment of Mortgage" ("Assignment") wherein Defendant MERS, purporting to act on behalf of Countrywide Bank, FSB, falsely assigned all interest in the Mortgage to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.

20. On July 9, 2010, Defendant Shellie Hill, purporting to be an Assistant Secretary and Vice President of Defendant MERS, falsely executed the Assignment in Hamilton County, Ohio.

21. Countrywide Bank, FSB did not exist on July 9, 2010.

22. Shellie Hill was not an employee of Defendant MERS on July 9, 2010.

23. On August 25, 2010, Plaintiff retained legal representation and filed an Answer to BANA's Complaint.

24. On October 7, 2010, Defendant BANA, through Defendant LSR, filed a Motion for Summary Judgment, which the Franklin County Court of Common Pleas granted on January 18, 2011.

25. On July 28, 2011, Plaintiff retained counsel to file a motion for relief from judgment.

26. On August 31, 2011, Defendant BANA, through Defendant LSR, opposed Plaintiff's motion for relief from judgment.

27. On February 8, 2012, Plaintiff served a subpoena duces tecum on Defendant Shellie Hill, demanding she appear at an evidentiary hearing and bring documents demonstrating her relationship with Defendant BANA and its predecessors, documents demonstrating her appointment as Assistant Secretary and Vice President of Defendant MERS, and other documents related to the Assignment.

28. On February 13, 2012, Defendant BANA, through Defendant LSR, filed a Motion to Quash the subpoena.

29. On March 15, 2012, Defendant BANA, through Defendant LSR, voluntarily dismissed the foreclosure action the day before the evidentiary hearing at which Defendant Shellie Hill was to testify.

30. As a result of defending the foreclosure and obtaining relief from that judgment, Plaintiff incurred actual damages in the amount of $8,934.44.

## V. FIRST COUNT - FDCPA

31. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

32. Plaintiff purchased his home with a mortgage loan through Countrywide Bank, FSB.

33. The Note, payable to Countrywide Bank, FSB, is a debt within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as it was an alleged obligation of Plaintiff to pay money in return for the loan to purchase his primary residence.

34. Defendants LSR's and BANA's actions of filing and maintaining the foreclosure action with the use of false statements and evidence constitute a false, deceptive, and/or misleading practice in attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

35. Plaintiff has suffered emotional distress as a result of Defendants LSR's and BANA's actions.

36. Defendants LSR and BANA are liable to Plaintiff under this Count for its FDCPA violations in an amount equal to or greater than: actual damages in the amount of $8,934.44 for each of Defendant's violations of the FDCPA, 15 U.S.C. § 1692k(a)(1); damages for emotional

distress; statutory damages in the amount of $1,000, 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and the costs of this action, 15 U.S.C. § 1692k(a)(3).

## VI. SECOND COUNT – CSPA FOR FDCPA VIOLATIONS

37. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

38. At all times relevant to this incident, Defendant LSR was and is subject to Ohio's Consumer Sales Practices Act, R.C. § 1345.01, *et seq*.

39. Violating the FDCPA has been determined by a court of this state to violate the CSPA, and that decision was made available for public inspection under R.C. § 1345.05(A)(3) prior to this consumer transaction. *Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003) (http://www.opif.ag.state.oh.us/opifimages/PIF2153.pdf).

40. Defendants' actions described in Count One and the Factual Allegations of this Complaint are each unfair or deceptive acts or practices in violation of Ohio's CSPA, R.C. § 1345.02.

41. Defendant's actions described in Count One and the Factual Allegations of this Complaint are each unconscionable consumer sales acts or practices in violation of Ohio's CSPA, R.C. § 1345.03.

42. Defendant's actions described in Count One and the Factual Allegations of this Complaint were committed with **knowledge** within the meaning of R.C. § 1345.01(E).

43. Plaintiff's actual damages under the CSPA are equal the total value of damages under the FDCPA.

44. Defendant LSR is liable to Plaintiff in an amount equal to three times of his actual damages under FDCPA, pursuant to R.C. § 1345.09(B); $5,000 non-economic damages, pursuant to

R.C. § 1345.09(B); and attorney's fees and costs for this action, pursuant to R.C. § 1345.09(F), for each violation of the CSPA.

## VII. THIRD COUNT – FALSIFICATION

45. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

46. Defendant Shelli Hill, at the behest of her employer, Defendant LSR, knowingly made a false statement within the Assignment when she stated she had the authority to sign on behalf of MERS and Countrywide Bank, FSB, as MERS' Assistant Secretary and Vice President.

47. Defendant Shelli Hill's false statement was made with the purpose to mislead the judge in the performance of her official function within the foreclosure action.

48. Defendant Shellie Hill's false statement was sworn before a notary public in Hamilton County, Ohio.

49. As a result of Defendant Shellie Hill's false statement, Plaintiff suffered damages in the amount of $8,934.44; and damages for emotional distress.

50. Accordingly, Defendants LSR and Shellie Hill are jointly and severally liable to Plaintiff for: $8,934.44; damages for emotional distress; attorney's fees; the costs of the action; and other expenses incurred as a result of prosecuting this action.  R.C. 2912.13(G).

## VIII. FOURTH COUNT – CIVIL CONSPIRACY

51. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

52. Defendants BANA, LSR, and Shellie Hill agreed to execute the Assignment, knowing it contained false representations.

53. Defendant Shellie Hill, at the behest of LSR, signed the Assignment on July 9, 2010.

54. Defendant LSR, on behalf of BANA, filed the fraudulent Assignment with the court in the foreclosure on July 21, 2010.

55. Accordingly, Defendants BANA, LSR, and Shellie Hill conspired to commit the tort and crime of falsification.

56. As a result of Defendants' agreement to execute the Assignment and the resultant falsification, Plaintiff suffered damages of $8,934.44; and damages for emotional distress.

57. Accordingly, Defendants BANA, LSR, and Shellie Hill are jointly and severally liable to Plaintiff for: $8,934.44; damages for emotional distress; attorney's fees; the costs of the action; and other expenses incurred as a result of prosecuting this action.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays the Court:

A. Assume jurisdiction of this case;

B. Award Plaintiff actual damages in the amount of $8,934.44, plus an a jury determines adequate compensation for Plaintiff's emotional damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C. Award Plaintiff treble damages in the amount of $26,803.32, pursuant to R.C. § 1345.09(B);

D. Award Plaintiff statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E. Award Plaintiff non-economic damages in the amount of $5,000, pursuant to R.C. § 1345.09(B);

F. Award Plaintiff attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3), R.C. § 1345.09(F), and R.C. 2921.13(G);

G.  Award Plaintiff actual damages in the amount of $8,934.44, pursuant to the Fourth Count; and

H.  Award such other relief the Court deems appropriate.

Dated June 7, 2012.

Respectfully Submitted,

*/s/ Troy J. Doucet*
Troy J. Doucet (0086350)
*Attorney for Plaintiff Rick A. Slorp*
4200 Regent Street, Suite 200
Columbus, OH 43219
(614) 944-5219
(818) 638-5548 (fax)
troy@troydoucet.com

## JURY TRIAL DEMANDED

Plaintiff, through counsel, hereby requests a trial by jury on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

Respectfully Submitted,

*/s/ Troy J. Doucet*
Troy J. Doucet (0086350)
*Attorney for Plaintiff Rick A. Slorp*
4200 Regent Street, Suite 200
Columbus, OH 43219
(614) 944-5219
(818) 638-5548 (fax)
troy@troydoucet.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies he served a copy of the foregoing upon the following parties via prepaid U.S. Mail on June 7, 2012.

LERNER, SAMPSON & ROTHFUSS, A LEGAL PROFESSIONAL ASSOCIATION
120 East Fourth Street, Suite 800
Cincinnati, Ohio 45202

BANK OF AMERICA, N.A.
c/o CT Corporation System
150 Fayetteville Street., P.O. Box 1011
Raleigh, NC 27601

SHELLIE HILL
3911 Pebble Creek Lane
Amelia, Ohio 45102

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
c/o CT Corporation System
1300 East Ninth Street
Cleveland, OH 44114

            /s/ Troy J. Doucet
            Troy J. Doucet (0086350)