UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICK A SLORP,<br><br>   Plaintiff,<br><br>vs.<br><br>LERNER, SAMPSON & ROTHFUSS, et al.,<br><br>   Defendants. | CASE NO.: 2:12-CV-498<br><br>JUDGE: Edmund A. Sargus<br><br>MAGISTRATE JUDGE: Norah McCann King |

**Plaintiff Rick A. Slorp's Memorandum in Opposition to Defendants Lerner, Sampson & Rothfuss and Shellie Hill's Motion to Dismiss**

Plaintiff Rick A. Slorp ("Slorp"), through counsel, hereby respectfully requests this Court deny Defendants' Motion to Dismiss. Slorp has stated a claim for which relief can be granted under all counts of his Complaint. A Memorandum in Opposition is attached.

Respectfully Submitted,
DOUCET & ASSOCIATES, LLC


/s/ Gregory A. Wetzel
Gregory A. Wetzel (0082631)
*Attorney for Plaintiff Rick A. Slorp*
4200 Regent St., Suite 200
Columbus, OH 43219
(614) 944-5219 Phone
(818) 638- 5548 Fax
Gregory@TroyDoucet.com

/s/ Troy J. Doucet
Troy J. Doucet, Trial Attorney (0086350)
*Attorney for Plaintiff Rick A. Slorp*
4200 Regent St., Suite 200
Columbus, OH 43219
(614) 944-5219 Phone
(818) 638- 5548 Fax
Troy@TroyDoucet.com

## MEMORANDUM
## I. INTRODUCTION

Defendants Bank of America, N.A. ("BANA") and Defendant Lerner, Sampson & Rothfuss ("LSR"), Defendant Shellie Hill ("Hill") and MERS conspired to defraud Mr. Slorp and the Franklin County Court of Common Pleas by manufacturing impossibly false documents and submitting them in furtherance of a scheme to acquire property through a foreclosure to which they were not entitled.  In their motion to dismiss, Defendants spend some time arguing about Slorp's alleged loan default with the mistaken belief that Slorp's financial difficulties entitle them to run roughshod over his rights and the integrity of the judicial system.  Defendants flagrantly and shamelessly attempt to shift the blame of their actions to the victim in a hopes the Court will turn a blind eye to their misdeeds.

Defendants BANA and LSR filed a complaint in foreclosure against Slorp on July 21, 2010 (the "Foreclosure Action").  (Compl. at ¶ 15.)  Defendants BANA and LSR attached to the complaint in the Foreclosure Action an assignment of mortgage, purportedly transferring a mortgage interest in Slorp's property from Countrywide Bank, FSB ("Countrywide") to BANA.  (Compl. at ¶ 19.)  The problem was Countrywide did not exist on the date of the assignment.  (Compl. at ¶ 20-21.)

Completely aware Countrywide did not exist on the date of the assignment, Defendants, in concert, created an assignment of mortgage that contained false statements, which were designed to demonstrate a transfer of a mortgage interest from a non-existent company to BANA, to further the Foreclosure Action.  (Compl. at ¶ 18-22.)  LSR directed Hill to execute a mortgage assignment, and she did so as an officer of MERS.  Knowing the statements therein were false, Defendant Shellie Hill ("Hill") swore to a notary public that the statements within the assignment were true.  (Compl. at ¶ 48.)  Defendants BANA and LSR then submitted the false

document to the state court in the Foreclosure Action, intending for a judge to rely on the false statements in the performance of his official function.  (Compl. at ¶ 47.)  Slorp subpoenaed Hill and sought to depose her on March 16, 2012, but Defendants BANA and LSR voluntarily dismissed their complaint in foreclosure on March 15, 2012 instead of subjecting her to examination.  (Compl. at ¶ 27, 29.) [1]

Slorp not only had to answer and defend the Foreclosure Action, which was based in part upon the false assignment of mortgage, but he also had to move for relief from judgment and seek to depose Hill.  (Compl. at ¶ 25, 27.)

Defendants BANA and Mortgage Electronic Registration Systems, Inc. ("MERS") now move the Court to dismiss Slorp's Complaint.  Defendants believe Slorp does not have standing to challenge the assignment, BANA is not a debt collector, the CSPA does not apply to BANA, falsification requires a criminal charge first be in place, there is no underlying bad act to support a claim for civil conspiracy, and MERS engaged in no wrongdoing.  Defendants are incorrect and the Court should deny their motion.

## II.  LAW & ANALYSIS

### a. Standard of Review

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give… defendant fair notice of what the... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d

---

[1] The undersigned, Mr. Doucet, deposed Hill on September 2, 2010, where Hill admitted she was aware "Countrywide" no longer existed when she executed the assignment.  See Ex. A.

929 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555.

"The Supreme Court's decisions in *Twombly* and *Iqbal* should not be understood as undermining the Federal Rules' presumption of notice pleading, which only demands that the plaintiff make a 'short and plain statement of the claim showing that the pleader is entitled to relief' in most instances." *Walton v. Potter*, No. 10-CV-10369, 2010 WL 4114958, at *1 (E.D. Mich. Oct. 14, 2010). "There are those who suggest that the Supreme Court's recent opinions have returned us to the principles of code pleading…. We find it inaccurate to read these cases so narrowly as to be the death of notice pleading and we recognize the continuing viability of the 'short and plain' language of Federal Rule of Civil Procedure 8." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir.2012).

"Nevertheless, those decisions do require a plaintiff to show in his or her complaint that a given claim is more than just a 'possibility.'" *Walton* at *1. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal at 678. "Determining whether a complaint states a plausible claim for relief will * * * be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679.

Taking Slorp's well-pled allegations as true, he has stated a claim upon which the Court may grant him relief and the Court should deny Defendants' Motion to Dismiss.

      a.      **LSR's violation of the FDCPA – submitting the false assignment – was a continuing violation and the limitation period did not begin to run until the lawsuit ended**.

There can be a continuing violation of the FDCPA. *Ruth v. Unifund CCR Partners*, No. 5:08CV2689, 2009 WL 585847, *11 (N.D. Ohio Mar. 6, 2009) *aff'd*, 604 F.3d 908 (6th Cir.2010). *See*, *also*, *Turner v. Lerner, Sampson & Rothfuss*, 776 F. Supp. 2d 498, 505 (N.D. Ohio 2011) (implicitly approving of a continuing violation of the FDCPA during the entire pendency of a lawsuit). "'For conduct during litigation to be actionable, a plaintiff must allege [ ... ] that the conduct is a violation of the FDCPA independent of the act of filing suit.'" *Ruth* at *11, quoting *Schaffhauser v. Burton Neil & Assocs.,* No. 1:05-CV02075, 2008 WL 857523, at *2 (M.D.Pa. Mar.27, 2008).

Here, LSR's submission of the assignment that contained the false statements was a false, deceptive, and/or misleading practice in an attempt to collect a debt. LSR, despite its obligation under the Ohio Rules of Professional Conduct to the contrary, submitted the false assignment to the state court and did not withdraw the document before the end of litigation. LSR continued to hold the assignment out as true and accurate, despite its knowledge to the contrary, throughout the entire Foreclosure Action. It continued to ratify its tortious submission of the assignment every day of the Foreclosure Action.

Moreover, assisting in the creation of the false assignment and submitting it to another while intending that person to rely upon the false assignment is a false, deceptive, and/or misleading act regardless of whether litigation exists. Thus, LSR's violation of the FDCPA was a continuing violation and the limitation period for Slorp's FDCPA claim did not begin to run until March 15, 2012, when BANA and LSR dismissed the Foreclosure Action against Slorp and ceased to hold out the assignment as true.

Thus, the limitation period for Slorp's FDCPA claim has not run and the Court should deny Defendants' motion.

      b.    **Slorp's claim against LSR for violation of the CSPA is viable**.

"[T]he filing of deceptive lawsuits violates the" Ohio CSPA. *Turner v. Lerner, Sampson & Rothfuss*, 776 F. Supp. 2d 498, 510 (N.D. Ohio 2011). Likewise, violating the FDCPA by filing a false assignment of mortgage is a violation of the CSPA.

Moreover, as with Defendants BANA and MERS' Motion to Dismiss, based upon the allegations within the Complaint and the attached exhibits, BANA is a debt collector because it attempted to collect a debt payable to Countrywide Bank, FSB. Likewise, LSR, as BANA's agent, would be a debt collector and susceptible not only to the FDCPA, but the CSPA, too. "Ohio courts have found repeatedly that the OCSPA governs [debt collectors]." *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 809 (S.D. Ohio 2006). *See*, *also*, *Celebrezze v. United Research, Inc.,* 19 Ohio App.3d 49, 482 N.E.2d 1260, 1262 (1984) (holding that a collection agency who filed suit against debtors is a "supplier"); *State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.,* Case No. CV863–1158, 1986 WL 363150 (Comm. Pl. 1986) (finding that a company engaging in the business of collecting consumer debts is a "supplier"); *Schroyer v. Frankel,* 197 F.3d 1170, 1177 (6th Cir.1999) (holding that "the definition of 'supplier' under the OCSPA is substantially broader than the definition of 'debt collector' under the FDCPA"). "Under well-settled Ohio and federal case law, [LSR] qualif[ies] as [a] 'supplier[]' under the OCSPA because [it is] engaged in the business of collecting consumer debts." *Foster* at 809.

Accordingly, the Court should deny Defendants' motion.

      c.    **Slorp sufficiently pled a claim for falsification**.

Defendants argue there must be a predicate conviction under R.C. 2921.13 before Slorp can maintain a claim under R.C. 2921.13(G). However, R.C. 2921.13(G) specifically provides

for a civil remedy when a person engages in falsification and does not require a conviction as a predicate.  R.C. 2921.13 provides:

> (A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:
> (1) The statement is made in any official proceeding.
> * * *
> (3) The statement is made with purpose to mislead a public official in performing the public official's official function.
> * * *
> (6) The statement is sworn or affirmed before a notary public or another person empowered to administer oaths.
> * * *
> (13) The statement is made in a document or instrument of writing that purports to be a judgment, lien, or claim of indebtedness and is filed or recorded with the secretary of state, a county recorder, or the clerk of a court of record.
> * * *
> (G) A person who violates this section **is liable in a civil action to any person harmed by the violation** for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.  (Emphasis added.)

Defendant's citation to *Pratt* and *Replogle* are immaterial.  *Pratt* relied upon *Costell v. Toledo Hosp.*, 38 Ohio St.3d 221, 223-224, 527 N.E.2d 858 (1988) for the proposition that Ohio does not permit a civil action against a person who commits civil perjury.  Yet *Costell* was decided before Ohio enacted R.C. 2921.13(G) in 1996, so its interpretation of the state of the law in Ohio is outdated, as is *Pratt*'s reliance upon it.

Moreover, *Replogle* fails to give effect to the plain language of the statute, which is controlling.  The statute is clear: any person who commits falsification, under any subsection of R.C. 2921.13, is liable to the aggrieved party in a civil action.  That is, Ohio's General Assembly specifically provided Slorp with a civil remedy against Defendants for their participation in the falsification of the assignment.  There is no requirement in R.C. 2921.13(G) that there be a

6

conviction as a predicate to the civil action. The only predicates to the initiation of a civil action are a violation of the statute and damages to a party.

Accordingly, the Court should deny Defendants' motion.

    d.      **Slorp adequately pled a claim for civil conspiracy**.

LSR and Hill claim to not be able to ascertain Slorp's allegations as to what actions he alleges constitute false representations. Yet, the false representations could not be clearer. Hill, as a paralegal for LSR and purported officer of MERS, knowingly signed a mortgage assignment transferring property interest from a non-existent third party company to the law firm's client, BANA. She did this in support of the lawsuit BANA filed to take a person's house through foreclosure. This is plain vanilla, run of the mill, fraudulent robo-signing.

Simply put, Hill and MERS could not have had any authority to sign the mortgage assignment on July 9, 20120 because the company it purported to sign for – Countrywide Bank, FSB – ceased existence over a year earlier. It is basic agency law that an agent (MERS) cannot act on behalf of a principal (Countrywide) that no longer exists, any more than one person could act as an agent for a deceased person. *Ish v. Crane*, 13 Ohio St. 574 (1862); Restatement (Third) of Agency § 3.07(3), (4); *Charvat v. GVN Michigan, Inc.*, 10th Dist. No. 09AP-1075, 2010-Ohio-3209, ¶ 19 citing *ABS Industries, Inc. v. Fifth Third Bank*, 333 Fed. Appx. 994, 999 (6th Cir.2009) ("Agency is 'the fiduciary relationship that arises when one person (a 'principal') **manifests assent** to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.'") (Emphasis added). Further, "whether a relationship is characterized as agency in an agreement between parties or in the context of industry or popular usage is not controlling." *Id.* (quoting Restatement (Third) of Agency Section 1.01 (2006)).

LSR and Hill cite directly to the paragraph that states the false representation – "Countrywide Bank, FSB did not exist on July 9, 2012" (LSR Mot. Dismiss p. 9; Compl. ¶21) when Hill signed it. (Compl. ¶20). The Assignment of Mortgage states MERS, "as nominee for Countrywide Bank, FSB, its successor and assigns… does hereby assign to BAC [predecessor to BANA]… all of its interest in that certain mortgage…." (Compl. Ex. A.)  Hill and MERS are specifically purporting to act *for* defunct Countrywide as its agent-nominee.  A "nominee is 'one designated to act for another as his/her representative in a rather limited sense... In its commonly accepted meaning, the word 'nominee' connotes the delegation of authority to the nominee in a representative capacity only, and does not connote the transfer or assignment to the nominee of any property in or ownership of the rights of the person nominating him/her.'"  Black's Law Dictionary (7th Ed.1999) "nominee"; *Mortgage Electronic Registration Systems, Inc. v. Rees*, 2003 WL 22133834, 1 (Conn. Super. 2003) *citing Kolakowski v. Finney,* 1983 Mass. App. Div. 360, 363 (Mass.App.Div.1983); see *Evergreen Plantation, Inc. v. Zunamon,* 291 So.2d 414, 417 (La.App.2d Cir.1974); *Winters National Bank & Trust Co. v. Saker,* 66 Ohio App.2d 31, 35, 20 Ohio Op.3d 76, 419 N .E.2d 890 (1979).  When the principal ceases to exist, the agent can no longer act on its behalf.  *See Ish*, Restatement (Third) of Agency, supra.

Slorp's complaint also alleges MERS, through Hill, "falsely assigned all interest in the Mortgage to BAC…" (Compl. ¶19), and that Hill "falsely" executed the Assignment while purporting to be an Assistant Secretary and Vice President of MERS  (Compl. ¶20).  Further, Slorp alleges LSR "falsely" claimed BANA had standing to prosecute the foreclosure when it did not (Compl. ¶18).  Thus, LSR and Hill have more than abundant and clear notice of the false representations they made, and the Complaint exceeds Slorp's burden under *Twombly* and *Iqbal.*[2]

---

[2] As LSR and Ms. Hill are well aware, Ms. Hill gave a deposition to the undersigned Mr. Doucet on September 2, 20120 where she admitted she was aware "Countrywide" no longer existed.

8

LSR and Hill next turn to claiming Slorp failed to allege damages. They unabashedly personally attack him about his personal financial hardship in an effort to misdirect the court away from its bad acts. Slorp's financial hardship that resulted in the devastating foreclosure of his property only came after months and months of his contact with his lender to try to save the property. Slorp worked tirelessly with his lender to prevent a foreclosure, but was constantly rebuffed by waves of incompetency. However, Slorp's actions to save his property are not at issue here, nor are LSR and Hill's baseless arguments about his payment history. The only issue here is whether Slorp sufficiently pled that he suffered damages. He did so by both stating a specific cost he incurred to rectify their bad actions and by stating he suffered – understandably – emotional distress through LSR and Hill's reckless and fraudulent actions. Thus, he has met his pleading standard here.

LSR and Hill's final argument about malicious combination is baseless. LSR is a law firm. BANA is a bank. Hill signed a mortgage assignment as Assistant Secretary and Vice President of MERS. There is no allegation Hill was being represented by LSR as its client, or vice versa. Similarly, there is no allegation MERS was acting as BANA's attorney, or vice versa. LSR, BANA, and MERS through Hill are different entities that acted in specific, coordinated efforts to defraud Mr. Slorp of his real property through the presentation of false evidence to a judicial tribunal. Similarly, *Lincoln Elec. Co. v. Manahan*, 1:10 CV 00724, 2011 WL 3516201 (N.D. Ohio Aug. 11, 2011) is inapposite. The parties are not only different, but any fraudulent action on the part of LSR as a law firm would be outside the professional relationship of LSR, preventing it from using its legal status as a shield to its dishonest actions. Accordingly, the Court should deny Defendants' motion.

      e.      **Slorp can challenge false statements within a notarized document submitted to a state court**.

Although Defendants put forth the proposition that a plaintiff cannot challenge an assignment to which it is not a party, Slorp does not seek to invalidate the assignment of mortgage as it pertains to the existence of a lien on the property. He merely seeks recompense for debt collectors having made false statements under oath in pursuit of a debt.

The cases to which Defendants cite are all very interesting, but not on point. Slorp has not attacked the validity of the assignment or sought to extinguish the underlying mortgage as it pertains to the existence of a lien on the property. Slorp has not sought declaratory relief to invalidate the assignment or mortgage. Instead, Slorp's Complaint rightly focuses on the false contents of the mortgage assignment. Defendants' tortious conduct – the falsification, the coordinating violation of the FDCPA, and the civil conspiracy – is not immunized simply because it tangentially relates to a mortgage transaction. None of the cases Defendants cite stand for this proposition either.

Defendants' position on this point is actually quite nonsensical. Defendants would have this Court hold they can make whatever factual assertions they wish, no matter how fantastic, when attempting to collect a debt in a state court proceeding and there is no recourse for the debtor because the fantastic and false statements were made in connection with a purported mortgage assignment. The Court should not condone such a position. The Court should deny Defendants motion.

## III. CONSLUSION

Slorp has stated a claim for which relief can be granted under all counts of his Complaint. Therefore, Slorp respectfully requests this Court deny Defendants' Motion to Dismiss.

                                                                            Respectfully Submitted,

| | |
|---|---|
| /s/ Gregory A. Wetzel | /s/ Troy J. Doucet |
| Gregory A. Wetzel (0082631) | Troy J. Doucet, Trial Attorney (0086350) |
| *Attorney for Plaintiff Rick A. Slorp* | *Attorney for Plaintiff Rick A. Slorp* |
| 4200 Regent St., Suite 200 | 4200 Regent St., Suite 200 |
| Columbus, OH 43219 | Columbus, OH 43219 |
| (614) 944-5219 Phone | (614) 944-5219 Phone |
| (818) 638- 5548 Fax | (818) 638- 5548 Fax |
| Gregory@TroyDoucet.com | Troy@TroyDoucet.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2012, I electronically filed the foregoing with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt:

Cynthia M. Fischer, Esq.
Kimberlee S. Rohr, Esq.
Brad J. Terman, Esq.
Rick  D. DeBlasis, Esq.
Lerner, Sampson & Rothfuss, LPA
120 East Fourth Street, Suite 800
Cincinnati, OH  45202
*Attorneys for Defendants Lerner, Sampson & Rothfuss*
*and Shellie Hill*

Rose Marie L. Fiore, Esq.
McGlinchey Stafford PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, OH  44122
*Attorney for Defendants Bank of America, N.A. and MERS*

/s/ Troy Doucet
Troy J. Doucet, Trial Counsel (0086350)