## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| RICK A. SLORP<br>5599 Coogan Place<br>Dublin, Ohio 43016, | CIVIL ACTION NO. 2:12-cv-498 |
| | JUDGE: Edmund A. Sargus |
|    Plaintiff, | MAGISTRATE JUDGE: Norah McCann King |
| v. | |
| LERNER, SAMPSON & ROTHFUSS, A<br>LEGAL PROFESSIONAL ASSOCIATION<br>c/o Richard M. Rothfuss<br>120 East Fourth Street, 8th Floor<br>Cincinnati, Ohio 45202, | **JURY DEMAND ENDORSED HEREON** |
| BANK OF AMERICA, N.A.<br>c/o CT Corporation System<br>150 Fayetteville Street., P.O. Box 1011<br>Raleigh, NC 27601, | |
| SHELLIE HILL<br>3911 Pebble Creek Lane<br>Amelia, Ohio 45102, | |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, OH 44114, | |
|    Defendants. | |

**SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

**I. PRELIMINARY STATEMENT**

Plaintiff institutes this action for actual damages, statutory damages, attorney's fees, punitive damages, and the costs of this action against Defendant Lerner, Sampson, & Rothfuss ("LSR"), Defendant Bank of America, N.A. ("BANA"), Defendant Shellie Hill, and Defendant Mortgage Electronic Registration Systems ("MERS") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"); for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.,* ("RICO"); violations of Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq.*, ("CSPA"); falsification, R.C. 2921.13(G); and for civil conspiracy associated with a foreclosure action.

**II. JURISDICTION**

1. This Court has jurisdiction for the First Count pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

2. This Court has jurisdiction for the Second Count pursuant to RICO, 18 U.S.C. § 1964(a) & (c), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**III. PARTIES**

4. Plaintiff Rick A. Slorp is a natural person currently residing within this Court's jurisdiction at 5599 Coogan Place, Dublin, Ohio 43016.

5. Defendant BANA is a national association and the successor, by merger, to BAC Home Loans Servicing, LP, which was formally known as Countrywide Home Loans Servicing, LP.

6. Defendant LSR is a legal professional association (law firm) that represented Defendant BANA and its predecessors in a foreclosure action against Plaintiff.

7. Defendant MERS is a company purporting to have authority to execute mortgage assignments on behalf of Defendant BANA, its predecessors, and others.

8. Defendant Shellie Hill is a natural person who was and is employed by Defendant LSR.

9. At all times relevant to this transaction, Plaintiff Rick A. Slorp was and is a **Consumer** within the meaning of 15 U.S.C. § 1692a(3).

10. At all times relevant to this transaction, Plaintiff Rick A. Slorp was and is a **Consumer** within the meaning of R.C. § 1345.01(D).

11. At all times relevant to this transaction, Defendant LSR was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly collects or attempts to collect debts owed or due another.

12. At all times relevant to this transaction, Defendant BANA was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly collects or attempts to collect debts owed or due another.

13. At all times relevant to this transaction, Defendants LSR, MERS, and Shellie Hill were and are a **Supplier** within the meaning of R.C. § 1345.01(C), as they are each engaged in the business of effecting consumer transactions.

14. At all times relevant to this transaction, Defendant LSR is and was a **person** as defined under RICO in 18 U.S.C. § 1961(3).

15. At all times relevant to this transaction, BANA is and was a **person** as defined under RICO in 18 U.S.C. § 1961(3).

16. At all times relevant to this transaction, Defendant Shellie Hill is and was a **person** as defined under RICO in 18 U.S.C. § 1961(3).

17. At all times relevant to this transaction, Defendant MERS is and was a **person** as defined under RICO in 18 U.S.C. § 1961(3).

## IV. FACTUAL ALLEGATIONS

18. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

19. On July 21, 2010, Defendant BANA, through counsel (Defendant LSR), filed a foreclosure action in the Court of Common Pleas of Franklin County, Ohio, captioned *BAC Home Loans Servicing, LP v. Rick A. Slorp, et al*., Case No. 2010 CVE-07-10645 ("the Foreclosure Action"). A copy of the Complaint ("Complaint") is attached as Exhibit 1.

20. Attached to the Complaint as Exhibit A was a copy of a note ("Note"), dated December 14, 2007, payable to Countrywide Bank, FSB and devoid of indorsements.

21. The Note attached to the Complaint from the Foreclosure Action contains no indorsement, and it remains payable to the party named on the note, Countrywide.

22. Attached to the Complaint as Exhibit B was a copy of a mortgage ("Mortgage") given to Countrywide Bank, FSB, dated December 14, 2007, which secured the Note with Plaintiff's primary residence at 5599 Coogan Place, Dublin, Ohio 43016.

23. Defendant LSR falsely claimed Defendant BANA had standing to prosecute the Foreclosure Action as both the holder of the Note and a person entitled to enforce the Mortgage.

24. Attached to the Complaint as Exhibit C was a document entitled "Assignment of Mortgage" ("Assignment") wherein Defendant MERS, purporting to act on behalf of Countrywide

Bank, FSB, purported to assign all interest in the Mortgage to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.

25. Upon information and belief, Shellie Hill, on behalf of MERS and BANA, used LSR's computer systems to assist her in executing the Assignment. (*See* Exhibit 2.)

26. Upon information and belief, Shellie Hill and LSR received communications from BANA and MERS that assisted them in signing the Assignment. (*See* Exhibit 2.)

27. Countrywide Bank, FSB did not exist on July 9, 2010.

28. Defendant Shellie Hill knew Countrywide Bank, FSB did not exist on July 9, 2010.

29. Attorney Rick DeBlasis is a member of management at Defendant LSR.

30. Attorney Rick DeBlasis knew or had reason to know Countrywide did not exist on October 7, 2010.

31. On July 9, 2010, Defendant Shellie Hill, purporting to be an Assistant Secretary and Vice President of Defendant MERS, executed the Assignment in Hamilton County, Ohio.

32. Shellie Hill was not an employee of Defendant MERS on July 9, 2010.

33. On August 25, 2010, Plaintiff retained legal representation and filed an Answer to BANA's Complaint in the Foreclosure Action.

34. On September 2, 2010, Attorney Rick DeBlasis represented Defendant Shelli Hill at a deposition in Cincinnati, Ohio. (*See* Exhibit 2.)

35. On September 2, 2010, Defendant Shellie Hill affirmatively stated, in the presence of Attorney Rick DeBlasis, she was aware Countrywide had ceased to exist prior to the date she had executed the Assignment in the Foreclosure Action. (*See* Exhibit 2.)

36. Defendant Shelli Hill's knowledge that Countrywide had ceased to exist prior to the Assignment was imputed to MERS, BANA, and LSR.

37. Attorney Rick DeBlasis' knowledge that Countrywide had ceased to exist prior to the Assignment, and that Shellie Hill, MERS, LSR, and BANA knew the same, was imputed to LSR.

38. Defendant LSR knew Countrywide Bank, FSB had ceased to exist prior to the Assignment.

39. Defendant BANA knew Countrywide Bank, FSB had ceased to exist prior to the Assignment.

40. Defendant MERS knew Countrywide Bank, FSB had ceased to exist prior to the Assignment.

41. On October 7, 2010, Defendant BANA, through Defendant LSR, filed a Motion for Summary Judgment, which the Franklin County Court of Common Pleas granted on January 18, 2011.

42. On July 28, 2011, Plaintiff retained counsel to file a motion for relief from judgment.

43. On August 31, 2011, Defendant BANA, through Defendant LSR, opposed Plaintiff's motion for relief from judgment.

44. On February 8, 2012, Plaintiff served a subpoena duces tecum on Defendant Shellie Hill, demanding she appear at an evidentiary hearing and bring documents demonstrating her relationship with Defendant BANA and its predecessors, documents demonstrating her appointment as Assistant Secretary and Vice President of Defendant MERS, and other documents related to the Assignment.

45. On February 13, 2012, Defendant BANA, through Defendant LSR, filed a Motion to Quash the subpoena.

46. On March 15, 2012, Defendant BANA, through Defendant LSR, voluntarily dismissed the foreclosure action the day before the evidentiary hearing at which Defendant Shellie Hill was

to testify, presumably to avoid further investigation into Defendant Shellie Hill's authority to assign the Mortgage.

47. Defendants' tortious conduct, in manufacturing the Assignment, allowed Defendants to improperly pursue foreclosure against Plaintiff, and obtain a judgment against Plaintiff before vacating the same when under scrutiny.

48. As a result of defending the foreclosure and obtaining relief from that judgment, Plaintiff incurred actual damages in an amount exceeding $8,934.44.

## V. FIRST COUNT - FDCPA

49. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

50. Plaintiff purchased his home with a mortgage loan through Countrywide Bank, FSB.

51. The Note, payable to Countrywide Bank, FSB, is a debt within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as it was an alleged obligation of Plaintiff to pay money in return for the loan to purchase his primary residence.

52. Defendants LSR's and BANA's actions of filing and maintaining the foreclosure action and opposing Plaintiff's motion for relief from judgment with the use of false statements and evidence constitute a false, deceptive, and/or misleading practice in attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

53. Plaintiff has suffered emotional distress as a result of Defendants LSR's and BANA's actions.

54. Defendants LSR and BANA are liable to Plaintiff under this Count for its FDCPA violations in an amount equal to or greater than: actual damages in the amount of $8,934.44 for each of Defendant's violations of the FDCPA, 15 U.S.C. § 1692k(a)(1); damages for emotional

distress; statutory damages in the amount of $1,000, 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and the costs of this action, 15 U.S.C. § 1692k(a)(3).

## VI. SECOND COUNT – RICO

55. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

56. Defendants are liable to Plaintiff under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, ("RICO").

57. LSR, BANA, MERS, and Shellie Hill assisted in, implemented, and/or took part in the actions described herein.

58. LSR, BANA, MERS, and Shellie Hill used the Franklin County, Ohio Common Pleas Court, Franklin County, Ohio Recorder, and the Franklin County, Ohio Clerk of Court in the furtherance of their actions described herein.

59. LSR, BANA, MERS, and Shellie Hill acted with other entities with respect to Plaintiff's loan who are and were each a **person** as defined in 18 U.S.C. § 1961(3) at all times relevant to this transaction.

60. The ongoing association of BANA and its agents and employees, LSR and its agents and employees, MERS and its agents and employees, Shellie Hill, and other entities are linked by their actions described herein sufficiently form an **enterprise** as defined in 18 U.S.C. § 1961(4).

61. Additionally, LSR, BANA, MERS, and Shellie Hill's use of Franklin County, Ohio Common Pleas Court, Franklin County, Ohio Recorder, and the Franklin County, Ohio Clerk of Court in the furtherance of their actions sufficiently link them to an **enterprise** as defined in 18 U.S.C. § 1961(4).

62. LSR, BANA, MERS, and Shellie Hill are and were each a legal organization or natural person that engaged in activities which affect interstate commerce at all times relevant to this transaction.

63. LSR, BANA, MERS, and Shellie Hill are and were engaged in a **racketeering activity** as defined in 18 U.S.C. § 1961(1) at all times relevant to this transaction.

64. LSR, BANA, MERS, and Shellie Hill unlawfully executed, or caused to be executed, the Assignment on July 9, 2010.

65. On July 20, 2010, LSR, BANA, MERS, and Shellie Hill recorded, or caused to be recorded, the Assignment with the Franklin County, Ohio Recorder as instrument number 201007200091045.

66. As of the date of this Amended Complaint, about 2.5 years later, the Assignment remains recorded with the Franklin County, Ohio Recorder in its original form.

67. As of the date of this Amended Complaint, LSR, BANA, MERS, and Shellie Hill have taken no action to correct, amend, or substitute the fraudulent Assignment with the Franklin County, Ohio Recorder, and it is unlikely that they will take any action to correct, amend, or substitute the Assignment anytime in the future, such that their alleged misconduct will continue indefinitely into the future.

68. LSR, BANA, MERS, and Shellie Hill are and were engaged in a **pattern of racketeering activity** as defined in 18 U.S.C. § 1961(5) at all times relevant to this transaction.

69. LSR, BANA, MERS, and Shellie Hill communicated with Plaintiff, with each other, and with the Franklin County, Ohio Common Pleas Court, Franklin County, Ohio Recorder, and the Franklin County, Ohio Clerk of Court via mail, telephone, wire, and electronic mail

communications within a ten year period immediately preceding the date of this Amended Complaint.

70. LSR, BANA, MERS, and Shellie Hill acted in the following manners, which were devised and implemented as a scheme to defraud Plaintiff:

   a.  Drafting and executing the Assignment;

   b.  Recording the Assignment with the Franklin County, Ohio Recorder;

   c.  Filing legal actions relying on the Assignment to demonstrate, amongst other things, BANA's standing;

   d.  Seeking judgment in BANA's favor in those legal actions relying in part on the Assignment; and

   e.  Obtaining judgment in BANA's favor in those legal actions where the court relied in part on the Assignment.

   f.  Opposing Plaintiff's motion filed pursuant to Civ.R. 60(B).

71. These actions were part of a scheme or artifice to defraud Plaintiff.

72. Defendants' conduct described herein constitutes unlawful conduct, including that conduct being devised and implemented to defraud Plaintiff.

73. LSR, BANA, MERS, and Shellie Hill's representations to Plaintiff, the Franklin County, Ohio Common Pleas Court, Franklin County, Ohio Recorder, and the Franklin County, Ohio Clerk of Court about the possibility, legality, and truthfulness of the Assignment were not true.

74. LSR, BANA, MERS, and Shellie Hill representations were material to the scheme to defraud Plaintiff.

75. LSR, BANA, MERS, and Shellie Hill communicated their representations using the United States Postal Office.

76. LSR, BANA, MERS, and Shellie Hill communicated their representations using wire communications.

77. LSR, BANA, MERS, and Shellie Hill communicated their representations to Plaintiff, and the referenced others, more than four times using interstate commerce.

78. LSR, BANA, MERS, and Shellie Hill, individually or collectively, sent Plaintiff more than four letters using the Postal Service during the times relevant to this transaction.

79. BANA called Plaintiff more than four times using the wired telephone service during the relevant times to this transaction.

80. LSR, BANA, MERS, and Shellie Hill communicated with Plaintiff, his attorney, and/or the Franklin County, Ohio Common Pleas Court, Franklin County, Ohio Recorder, and the Franklin County, Ohio Clerk of Court more than four times using the Internet during the relevant times to this transaction.

81. LSR, BANA, MERS, and Shellie Hill's actions constitute a pattern of conduct.

82. LSR, BANA, MERS, and Shellie Hill's action, both individually and collectively, amongst themselves, and with Plaintiff, his attorneys, and the Franklin County, Ohio Common Pleas Court, Franklin County, Ohio Recorder, and the Franklin County, Ohio Clerk of Court constitute a pattern of conduct.

83. LSR, BANA, MERS, and Shellie Hill used false or fraudulent pretenses, representations, or promises as part of a scheme or artifice to defraud Plaintiff.

84. LSR, BANA, MERS, and Shellie Hill used false or fraudulent pretenses, representations, or promises as part of a scheme or artifice to defraud the Franklin County, Ohio Common Pleas Court.

85. LSR, BANA, MERS, and Shellie Hill actions described herein constitute Fraud by Wire, Radio, or Television under 18 U.S.C. § 1343.

86. LSR, BANA, MERS, and Shellie Hill actions described herein constitute Fraud and Swindles under 18 U.S.C. § 1341.

87. LSR, BANA, MERS, and Shellie Hill, both individually and collectively, were related in that their actions had similar purposes, results, participants, victims and methods of commission.

88. The actions of LSR, BANA, MERS, and Shellie Hill, both by each individually and collectively, were and are continuous and pose a threat of repetition extending indefinitely into the future.

89. LSR, BANA, MERS, and Shellie Hill have executed, or caused to be executed, other impossible mortgage assignments in Franklin County, Ohio courts to support foreclosing filings, including *BAC v. Banks*, 10-CV-013973 (Heartland Home Finance, September 2010 assignment; business dissolved April 2008), *BAC v. Lester*, 10-CV-012933 and *BAC v. White*, 10-CV-014769, (America's Broker Conduit, February and March 2010 assignments; business dissolved in 2008), and *BAC v.* Bozeman, 10-CV-013919, and *BAC v. Elisco*, 10-CV-013862, (Countrywide Bank, FSB, September 2010 assignments; ceased as a bank in 2009).

90. LSR, BANA, MERS, and Shellie Hill's actions, both by each individually and collectively, constitute their regular way of conducting their ongoing business.

91. Upon belief, Plaintiff alleges that it is likely that LSR, BANA, MERS, and Shellie Hill will continue to file mortgage assignments in Ohio Courts that are unlawful and/or fraudulent, or continue to fail to take corrective action to notify the courts of impossible assignments they have already filed.

92. LSR, BANA, MERS, and Shellie Hill's actions in this Count constitute a scheme to defraud Plaintiff.

93. LSR, BANA, MERS, and Shellie Hill took the actions defined in this Count in furtherance of a scheme to defraud Plaintiff, and were taken in an effort to defraud Plaintiff of money or property.

94. LSR, BANA, MERS, and Shellie Hill's communications with Plaintiff and the Franklin County, Ohio Common Pleas Court, Franklin County, Ohio Recorder, and the Franklin County, Ohio Clerk of Court occurred as part of a common plan or scheme of LSR, BANA, MERS, and Shellie Hill.

95. LSR, BANA, MERS, and Shellie Hill, each individually, conducted or participated in the conduct or the affairs of the other defendants as described herein.

96. LSR, BANA, MERS, and Shellie Hill took the actions defined in this Count willfully, intentionally, with knowledge of their actions, and with the intent to defraud Plaintiff.

97. LSR, BANA, MERS, and Shellie Hill intentionally and willfully participated in the scheme to defraud Plaintiff.

98. LSR, BANA, MERS, and Shellie Hill took the actions defined in this Count with the knowledge that their actions would result in the taking of Plaintiff's property through foreclosure and sheriff sale, and they could not establish a right to using the Assignment.

99. LSR, BANA, MERS, and Shellie Hill took the actions defined in this Count with the knowledge its actions would likely result in them defrauding Plaintiff.

100. LSR, BANA, MERS, and Shellie Hill took the actions defined herein with callous and reckless indifference to the rights of others.

101. LSR, BANA, MERS, and Shellie Hill participated in the scheme to defraud Plaintiff with callous and reckless indifference to the rights of others.

102. Plaintiff was injured by Defendants' RICO violations, including by having to defend a foreclosure action based in part on the impossible Assignment, for facing potential multiple liability from others who may claim an interest in the mortgage or note, for clouding Mr. Plaintiff's property title by having the impossible Assignment appear and remain on the recorded title with the Franklin County Recorder, for wrongly foreclosing on his interest in his property, and for the other actions described herein.

103. LSR, BANA, MERS, and Shellie Hill were the actual and proximate cause of Mr. Plaintiff's injuries and each are liable to him under this Count.

104. Plaintiff is entitled to damages, treble damages, punitive damages, attorney's fees, and costs for LSR, BANA, MERS, and Shellie Hill's RICO violations.

## VII. THIRD COUNT – CSPA FOR FDCPA VIOLATIONS

105. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

106. This coordinating claim for CPSA violations only concerns Defendant LSR.

107. At all times relevant to this incident, Defendant LSR was and is subject to Ohio's Consumer Sales Practices Act, R.C. § 1345.01, *et seq.*

108.     Violating the FDCPA has been determined by a court of this state to violate the CSPA, and that decision was made available for public inspection under R.C. § 1345.05(A)(3) prior to this consumer transaction.  *Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003) (http://www.opif.ag.state.oh.us/opifimages/PIF2153.pdf).

109.     Defendant's actions described in Count One and the Factual Allegations of this Complaint are each unfair or deceptive acts or practices in violation of Ohio's CSPA, R.C. § 1345.02.

110.     Defendant's actions described in Count One and the Factual Allegations of this Complaint are each unconscionable consumer sales acts or practices in violation of Ohio's CSPA, R.C. § 1345.03.

111.     Defendant's actions described in Count One and the Factual Allegations of this Complaint were committed with **knowledge** within the meaning of R.C. § 1345.01(E).

112.     Plaintiff's actual damages under the CSPA are equal the total value of damages under the FDCPA.

113.     Defendant LSR is liable to Plaintiff in an amount equal to three times of his actual damages under FDCPA, pursuant to R.C. § 1345.09(B); $5,000 non-economic damages, pursuant to R.C. § 1345.09(B); and attorney's fees and costs for this action, pursuant to R.C. § 1345.09(F), for each violation of the CSPA.

## VIII. FOURTH COUNT – FALSIFICATION

114.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

115. Defendant Shellie Hill, at the behest of her employer, Defendant LSR, knowingly made a false statement within the Assignment when she stated she had the authority to sign on behalf of MERS and Countrywide Bank, FSB, as MERS' Assistant Secretary and Vice President.

116. Defendant Shellie Hill's false statement was made with the purpose to mislead the judge in the performance of her official function within the foreclosure action.

117. Defendant Shellie Hill's false statement was sworn before a notary public in Hamilton County, Ohio.

118. As a result of Defendant Shellie Hill's false statement, Plaintiff suffered damages in the amount of $8,934.44; and damages for emotional distress.

119. Accordingly, Defendants LSR and Shellie Hill are jointly and severally liable to Plaintiff for: $8,934.44; damages for emotional distress; attorney's fees; the costs of the action; and other expenses incurred as a result of prosecuting this action. R.C. 2912.13(G).

## IX. FIFTH COUNT – CIVIL CONSPIRACY

120. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

121. Defendants BANA, LSR, MERS, and Shellie Hill agreed to execute the Assignment, knowing it contained false representations.

122. Defendant Shellie Hill, at the behest of LSR, signed the Assignment on July 9, 2010.

123. Defendant LSR, on behalf of BANA, filed the fraudulent Assignment with the court in the Foreclosure Action on July 21, 2010.

124. Accordingly, Defendants BANA, LSR, MERS, and Shellie Hill conspired to commit the tort and crime of falsification.

125.    Defendants BANA, LSR, MERS, and Shellie Hill's actions of conspiring to commit the tort and crime of falsification are an unlawful act, which was independent from the actual conspiracy.

126.    As a result of Defendants' agreement to execute the Assignment and the resultant falsification, Plaintiff suffered damages of $8,934.44; and damages for emotional distress.

127.    Accordingly, Defendants BANA, LSR, MERS, and Shellie Hill are jointly and severally liable to Plaintiff for: $8,934.44; damages for emotional distress; attorney's fees; the costs of the action; and other expenses incurred as a result of prosecuting this action.

## X. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays the Court:

A.  Assume jurisdiction of this case;

B.  Award Plaintiff the maximum damages available under each Count.

C.  Award Plaintiff actual damages in the amount of $8,934.44, plus an amount a jury determines adequate compensation for Plaintiff's emotional damages, pursuant to 15 U.S.C. § 1692k(a)(1), 18 U.S.C. § 1964(c), and R.C. 1345.09;

D.  Award Plaintiff treble damages in the amount of $26,803.32, pursuant to R.C. § 1345.09(B) and18 U.S.C. § 1964(c);

E.  Award Plaintiff statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

F.  Award Plaintiff non-economic damages in the amount of $5,000, pursuant to R.C. § 1345.09(B);

G.  Award Plaintiff attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3), R.C. § 1345.09(F), R.C. 2921.13(G), and 18 U.S.C. § 1964(c);

H.  Award Plaintiff punitive damages;

I.  Award Plaintiff actual damages in the amount of $8,934.44, pursuant to the Fourth Count;

J.  Declare the Assignment of Mortgage is void;

K.  Declare that any mortgage assignment signed by MERS on behalf of Countrywide Bank, FSB after April 27, 2009 is void;

L.  Issue an Order requiring Defendants to take corrective action with any court to which they filed a foreclosure lawsuit using a mortgage assignment that was signed on behalf of Countrywide Bank, FSB after April 27, 2009, by, at minimum, providing notification to those respective courts of this case and this Court's declaration(s);

M.  Issue an injunction preventing Defendants from filing any assignment of mortgage with any recorder or before any court signed on behalf of Countrywide Bank, FSB after April 27, 2009;

N.  Issue an Order requiring Defendants to remove the current Assignment of Mortgage from the title of the property; and

O.  Award such other relief the Court deems appropriate, including further declaratory relief.

Dated January 21, 2013.

Respectfully Submitted,

/s/ Gregory A. Wetzel                          /s/ Troy J. Doucet
Gregory A. Wetzel (0082631)              Troy J. Doucet, Trial Attorney (0086350)
*Attorney for Plaintiff Rick A. Slorp*     *Attorney for Plaintiff Rick A. Slorp*
4200 Regent St., Suite 200                   4200 Regent St., Suite 200
Columbus, OH 43219                            Columbus, OH 43219
(614) 944-5219 Phone                           (614) 944-5219 Phone
(818) 638- 5548 Fax                             (818) 638- 5548 Fax

Gregory@TroyDoucet.com                    Troy@TroyDoucet.com


## JURY TRIAL DEMANDED

Plaintiff, through counsel, hereby requests a trial by jury on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

Respectfully Submitted,



*/s/ Troy J. Doucet*
Troy J. Doucet (0086350)
*Attorney for Plaintiff Rick A. Slorp*
4200 Regent Street, Suite 200
Columbus, OH 43219
(614) 944-5219
(818) 638-5548 (fax)
troy@troydoucet.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2013, I electronically filed the foregoing with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt:

Cynthia M. Fischer, Esq.
Kimberlee S. Rohr, Esq.
Brad J. Terman, Esq.
Rick  D. DeBlasis, Esq.
Lerner, Sampson & Rothfuss, LPA
120 East Fourth Street, Suite 800
Cincinnati, OH  45202
*Attorneys for Defendants Lerner, Sampson & Rothfuss*
*and Shellie Hill*

Rose Marie L. Fiore, Esq.
McGlinchey Stafford PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, OH  44122
*Attorney for Defendants Bank of America, N.A. and MERS*

/s/ Troy J. Doucet
Troy J. Doucet (0086350)