**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

RICK A SLORP,

    Plaintiff,

vs.

LERNER, SAMPSON & ROTHFUSS, et al.,

    Defendants.

CASE NO.:  2:12-CV-498

JUDGE:  Edmund A. Sargus

MAGISTRATE JUDGE:  Norah McCann King

**REPLY OF PLAINTIFF RICK A. SLORP ON HIS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

    Plaintiff Rick A. Slorp, through counsel, hereby respectfully requests the Court grant him leave to file an Amended Complaint.  Attached is a memorandum more fully setting forth Plaintiff's reasoning.

                                 Respectfully Submitted,

/s/ Gregory A. Wetzel
Gregory A. Wetzel (0082631)
*Attorney for Plaintiff*
*Rick A. Slorp*
4200 Regent St., Suite 200
Columbus, OH 43219
(614) 944-5219 Phone
(818) 638- 5548 Fax
Gregory@TroyDoucet.com

/s/ Troy J. Doucet
Troy J. Doucet, Trial Attorney (0086350)
*Attorney for Plaintiff*
*Rick A. Slorp*
4200 Regent St., Suite 200
Columbus, OH 43219
(614) 944-5219 Phone
(818) 638- 5548 Fax
Troy@TroyDoucet.com

**MEMORANDUM**

## I.  Introduction

Slorp filed his Complaint on June 7, 2012.  All defendants collectively moved to dismiss Slorp's claims under Fed.R.Civ.P. 12(b)(6).  Defendants' motions remain pending.

The Court then conducted its preliminary pretrial conference on January 16, 2013. During the conference, the parties brought it to the Court's attention that Slorp had filed an Amended Complaint on January 14, 2013, but had mistakenly not sought leave prior to doing so. Slorp was still within the agreed-upon timeframe (the parties had agreed to this deadline during the scheduling conference) to seek leave to amend his Complaint, and he filed his Motion for Leave to File an Amended Complaint on January 21, 2013.

All defendants opposed Slorp's Motion for Leave to Amend.  Specifically, Defendants LSR and Hill ("Defendants") argued the Court should not permit Slorp to amend his Complaint because the length of time between the instant motion and Slorp's original Complaint constituted undue delay per se; Defendants believed they would be prejudiced if the Court permitted Slorp to amend his Complaint; and, Slorp's proposed amendments were futile, as his newly added RICO claim would fail to withstand a motion to dismiss.

Fortunately, Defendants' arguments are without merit.  Leave should be freely given to Slorp to amend his Complaint and Defendants will suffer no prejudice.  Moreover, Slorp has properly pled a claim against Defendants under RICO that will withstand a motion to dismiss. Further, discovery has not yet commenced in this case.  For the reasons that follow, the Court should permit Slorp to amend his Complaint.

## II.  Law & Analysis

### a.  Standard for leave to amend.

When outside of the timeframe in which a party may amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982), citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) and 3 Moore's Federal Practice P 15.02(1) (1982), at p. 15-13.  "Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."  *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986).

### b.  12(b)(6) Standard.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give… defendant fair notice of what the... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555.

"The Supreme Court's decisions in *Twombly* and *Iqbal* should not be understood as undermining the Federal Rules' presumption of notice pleading, which only demands that the plaintiff make a 'short and plain statement of the claim showing that the pleader is entitled to

relief' in most instances." *Walton v. Potter*, No. 10-CV-10369, 2010 WL 4114958, at *1 (E.D. Mich. Oct. 14, 2010). "There are those who suggest that the Supreme Court's recent opinions have returned us to the principles of code pleading.... We find it inaccurate to read these cases so narrowly as to be the death of notice pleading and we recognize the continuing viability of the 'short and plain' language of Federal Rule of Civil Procedure 8." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir.2012).

"Nevertheless, those decisions do require a plaintiff to show in his or her complaint that a given claim is more than just a 'possibility.'" *Walton* at *1. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal at 678. "Determining whether a complaint states a plausible claim for relief will * * * be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679.

### c.  Slorp's proposed amendments, which include a RICO claim, will not be futile.

Defendants have done little in their memorandum contra but attempt to confuse the issues and fantastically argue that they are free of culpability because Slorp had allegedly failed to make payments on his mortgage loan. Defendants simultaneously attempt to argue the Court should not permit Slorp to amend his Complaint because any amendment would be futile, failing to survive a motion to dismiss.

### i.  *Slorp properly pled Defendants engaged in racketeering activity.*

4

First, concerning racketeering activity, Slorp properly pled facts alleging Defendants engaged in racketeering activity.  Specifically, Slorp pled Defendants had communicated with one another and made representations to Slorp, the Franklin County Court of Common Pleas, the Franklin County Recorder, and the Franklin County Clerk of Courts using the United States Postal Service and wire communications numerous times, which constituted mail fraud, wire fraud, and fraud and swindles.  (Proposed Am. Compl. at ¶ 73-88.)  *See also*, 18 U.S.C. 1961(1)(B).

Defendant cited to *Perkins* and *McCubbins* to support their belief that Slorp had not sufficiently pled racketeering activities, but a cursory examination of those reveals they are inapplicable to the current situation.  *Perkins v. Wells Fargo Bank, N.A.*, Case NO. 2:11-cv-952, 2012 WL 5077712 (S.D. Ohio Oct. 18, 2012), is entirely distinguishable from the case at hand upon its facts.  In *Perkins*, the pro se homeowners had sued Wells Fargo and others for violation of the RICO statute, amongst other claims.  The court ultimately dismissed the homeowners' RICO claim because they had failed to plead that the suspect affidavit was false, they had just stated it was signed by a "documented robo-signer."  The homeowners had also failed to plead how the suspect affidavit had proximately caused their injuries.  *Perkins* at *12.  Thus, the complaint in *Perkins* failed for pleading deficiencies.

No such pleading deficiencies exist with Slorp's proposed Amended Complaint.  He has certainly pled how the Assignment is false.  (*See* Second Am. Compl. at ¶ 24-32.)  Slorp has also pled Defendants were the proximate cause of his injuries.  (*Id.* at ¶ 102-103.)

Curiously, the other case Defendants cite, *McCubbins v. BAC Home Loans Servicing, L.P.*, Case No. 2:11-cv-547, 2012 WL 140218 (S.D. Ohio Jan. 18, 2012), did not even contain a RICO claim.  It did include a claim under Ohio's Corrupt Practices Act, but the two statutes are

not homogenous enough for *McCubbins* to be useful in determining whether Slorp may amend his Complaint to include a RICO claim.  *See McCubbins* at *8.  Thus, contrary to Defendants' bold statements, courts have not consistently found that the activities Slorp alleged in his proposed Amended Complaint are not racketeering activities.  (*See* Defendants' Memo. Contra at 3 (Doc. 28).)

> ii.  *Slorp properly pled Defendants had proximately caused his damages.*

Here, the Court is limited to the facts Slorp alleged, not the facts Defendants state in their memorandum contra, and must construe Slorp's factual allegations in a light most favorable to Slorp.  Slorp never pled he had defaulted on his mortgage loan, so this fact does not exist for the purpose of a 12(b)(6) analysis.  Second, even if it had been determined Slorp had failed to make payments on the mortgage loan, Defendants did not have license to manufacture evidence in support of a foreclosure action.

As a result of Defendants' actions, Slorp had to expend significant funds to vacate the judgment in the Foreclosure Action and reopen the case after Defendants had submitted the fraudulent Assignment to the state trial court.  Slorp had then tried to depose Defendant Hill, but Defendants collectively chose to dismiss their claims against Slorp rather than risk exposing their illicit scheme to the trial court.  But for Defendants' conduct, Slorp would not have incurred the costs of defending the Foreclosure Action because Defendants could not have obtained a judgment in the trial court without the Assignment or without their false representations concerning the Assignment.

> iii.  *Slorp properly pled an enterprise.*

Finally, Defendants are wrong that they cannot be both a "person" and part of the "enterprise" under RICO.  "'[E]nterprise' includes * * * any union or group of individuals

associated in fact although not a legal entity[.]" 18 U.S.C. 1961(4). An enterprise may consist of entities linked by a common fact or circumstance. As the Supreme Court put it, an "association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose. [It] is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Boyle v. United States*, 556 U.S. 938, 946, 129 S.Ct. 2237, 2244, 173 L.Ed.2d 1265 (2009). Moreover, government entities may be part of an "enterprise," for purposes of RICO. *United States v. Dimora*, 829 F.Supp.2d 574, 588, at fn.6 (N.D. Ohio 2011) (reciting other cases where government entities have constituted "enterprises" under RICO).

Here, Slorp sufficiently pled Defendants had formed an association-in-fact amongst themselves for the purpose of prosecuting foreclosures as quickly as possible in order to reap profits. This association-in-fact had a purpose: prosecuting foreclosures. There were certainly relationships amongst the members, as detailed in the proposed amended Complaint. Also, there was longevity sufficient to pursue the enterprise's purpose: the enterprise did not cease prior to Defendants obtaining a judgment against Slorp or prior to Defendants opposing Slorp's motion to vacate the judgment in the trial court. All of these facts were pled in Slorp's proposed Amended Complaint, or facts were pled to permit the Court to infer these facts when deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

Defendant' argument that Slorp cannot allege Defendants were both persons that qualify as defendants and also part of the enterprise at the same time, is absurd. A member of an enterprise is not immune from liability as a defendant simply due to his participation in the enterprise. True, an entity may not by itself be both the defendant and the enterprise required for

a RICO claim, but an entity does not escape liability under RICO merely because it participated in the enterprise.  To use Defendants' reference to "mobsters and gangsters," it would be illogical to dismiss a RICO claim against a member of the mafia who had directed others to engage in extortion simply because the defendant was himself a member of the mafia, the enterprise.  Such a result would only encourage persons to form enterprises and engage in racketeering activities and obliterate the purpose of RICO.

Furthermore, Slorp sufficiently pled Defendants had used the Franklin County Court of Common Pleas, the Franklin County Recorder's Office, and the Franklin County Clerk of Court's Office to accomplish their racketeering activities.  (Proposed Am. Compl. at ¶ 61, 69, 70, 73, 80, 82, 84, 89, 94.)  Thus, Slorp sufficiently pled facts establishing the existence of an enterprise and the Court would not dismiss his RICO claim.

Accordingly, Slorp's RICO claim would survive a motion to dismiss and the Court should permit him to amend his Complaint.

### d.  Defendants LSR and Hill will suffer no prejudice if the Court permits Slorp to amend his Complaint.

Here, Slorp has not sought to amend his Complaint for improper purposes, despite Defendants' allegations to the contrary, and Defendants will suffer no actual prejudice when the Court permits Slorp to amend his Complaint.  Discovery has not even taken place.

"Delay by itself is not sufficient reason to deny a motion to amend."  *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973), citing *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.*, 392 F.2d 380 (2d Cir.1968).  Indeed, in *Wade v. Cavalry Portfolio Services, LLC*, Case No. 3:08-CV-479-S, 2010 WL 3395690 (W.D. Ky. Aug. 25, 2010), the defendant had waited nearly 16 months to seek leave to amend its answer, but the court found the delay alone was an insufficient reason to deny leave to amend.

That is, the passage of time alone will not constitute undue delay per se.  Had the drafters of Fed.R.Civ.P. 15(a) intended for there to be a bright temporal line beyond which parties could not amend their pleadings, they would have included such a limitation within the text of the Rule.

Likewise, Defendants ignore the fact that they agreed to permit parties to seek leave to amend their pleadings until January 21, 2013.  It is illogical for the parties to agree upon a date by which parties may seek leave to amend, then for Defendants to argue that Slorp seeking leave to amend within the agreed-upon timeframe is now "undue delay" and prejudices Defendants. The Court should estop Defendants, as well as Defendants BANA and MERS, from raising such an argument now.

Returning to Defendants' specific arguments, they rely on *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir.2013), when arguing the Court should deny Slorp leave to amend his Complaint.  Yet *Glazer* is procedurally distinguishable from the case at hand.  In *Glazer*, the plaintiff had waited until one month after the magistrate had recommended the district court dismiss his complaint before seeking leave to amend it, and the Sixth Circuit affirmed the denial of leave to amend because the procedural posture of the case.  The Court was concerned that had it not affirmed the denial of leave, parties would be free to take a "wait and see" approach to cases, whereby they would not seek to amend in the face of motions to dismiss, but merely wait until a provisional recommendation was issued, and if unfavorable, then seek to amend, rendering the defendants' and courts' work to that point null.

The procedural posture of the instant case is wholly different.  The Magistrate Judge has given no indication she intends to provisionally rule on the pending motions to dismiss. Practically, if the Court grants Slorp leave to amend his Complaint, Defendants have already

argued why they believe Slorp's RICO claim will not survive a motion to dismiss, and they will also be permitted to supplement their motions to dismiss.  Essentially, Defendants will be permitted to argue *twice* why they believe Slorp's RICO claim is deficient.  Surely, when Defendants get two bites at the apple, they cannot seriously argue they will be "prejudiced."

**III. Conclusion**.

For the foregoing reasons, the Court should permit Slorp to amend his Complaint.

Respectfully Submitted,

/s/ Gregory A. Wetzel                    /s/ Troy J. Doucet
Gregory A. Wetzel (0082631)              Troy J. Doucet, Trial Attorney (0086350)
*Attorney for Plaintiff*                 *Attorney for Plaintiff*
*Rick A. Slorp*                          *Rick A. Slorp*
4200 Regent St., Suite 200               4200 Regent St., Suite 200
Columbus, OH 43219                       Columbus, OH 43219
(614) 944-5219 Phone                     (614) 944-5219 Phone
(818) 638- 5548 Fax                      (818) 638- 5548 Fax
Gregory@TroyDoucet.com                   Troy@TroyDoucet.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2013, I caused this document to be electronically filed with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt:

Cynthia M. Fischer, Esq.
Kimberlee S. Rohr, Esq.
Brad J. Terman, Esq.
Rick  D. DeBlasis, Esq.
Lerner, Sampson & Rothfuss, LPA
120 East Fourth Street, Suite 800
Cincinnati, OH  45202
*Attorneys for Defendants Lerner, Sampson & Rothfuss*
*and Shellie Hill*

Rose Marie L. Fiore, Esq.
McGlinchey Stafford PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, OH  44122
*Attorney for Defendants Bank of America, N.A. and MERS*

/s/ Gregory A. Wetzel
Gregory A. Wetzel (0082631)