**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RICK A SLORP, | CASE NO.:  2:12-CV-498 |
| Plaintiff, | JUDGE:  Edmund A. Sargus |
| vs. | MAGISTRATE JUDGE:  Norah McCann King |
| LERNER, SAMPSON & ROTHFUSS, et al., | |
| Defendants. | |

**PLAINTIFF RICK A. SLORP'S OBJECTIONS TO MAGISTRATE'S ORDER STAYING DISCOVERY**

Pursuant to Fed. R. Civ. P. 72(a), Plaintiff Rick A. Slorp ("Mr. Slorp"), through counsel, respectfully objects to the Magistrate's Order staying discovery.  (ECF No. 55.) Attached is Mr. Slorp's memorandum in support.

Respectfully Submitted,
DOUCET & ASSOCIATES, CO., LPA


*s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)
Troy J. Doucet (0086350)
*Attorney for Plaintiff Rick A. Slorp*
700 Stonehenge Parkway, Suite 2B
Dublin, OH  43017
Telephone: (614) 944-5219
Fax: (818) 638-5548
E-Mail: andrew@troydoucet.com

## MEMORANDUM

**I.  FACTS**

On September 29, 2014, the 6th Circuit remanded this lawsuit to permit Mr. Slorp to pursue the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO") against Defendants. (ECF No. 36.)  On November 7, 2014, the Court held a status conference to establish a case schedule. (ECF No. 42.)  Mr. Slorp informed the Court he anticipated a great deal of discovery, including issues relating to claims of privilege and work product. (*Id.*)  The Court set July 1, 2015 as the discovery cut-off. (*Id.*)  However, it instructed the parties to request a status conference should they be unable to resolve discovery related disputes. (*Id.*)

On December 8, 2014 Mr. Slorp sent Defendants his initial written discovery requests.  On December 8, 2014, Defendants moved to dismiss Mr. Slorp's claim. (ECF Nos. 43 and 44.)  Defendants' motions remain pending.  On December 19, 2014, Mr. Slorp withdrew his initial written discovery and served amended requests. (ECF No. 45.)  Defendants responded to Mr. Slorp's written discovery in mid-February.

On March 12, 2015, the parties mediated the case, but were unable to reach a settlement. (ECF No. 55)  That same day the Court held a status conference. (*Id.*)  During the status conference, Mr. Slorp again indicated his need to conduct substantial additional discovery. (*Id.*)  Nevertheless, the Magistrate sua sponte stayed discovery pending the Courts ruling on Defendants' motions to dismiss. (*Id.*)  The Magistrate issued an Order stating:

> Some discovery has taken place, but plaintiff continues to anticipate a great deal more discovery.  Motions to dismiss are pending, ECF 43, 44,

> and are now fully briefed.  If granted, those motions would be dispositive of the case.  Under these circumstances, the Court STAYS further discovery pending resolution of the pending motions to dismiss.

(ECF No. 55.)  The Order did not state any other reason for staying discovery.

## II.     LAW AND ANALYSIS

Fed. R. Civ. P. 72(a) provides "[a] party may serve and file objections to [a magistrate's] order within 14 days after being served with a copy. * * * The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Objections must be specific, "in order to preserve the right to appeal a subsequent order of the district court adopting that report." *Fields v. Lapeer 71-A District Court Clerk,* 2 Fed.Appx. 481, 482-483 (6th Cir.2001).

"Whether to grant or deny a particular piece of discovery is committed to the sound discretion of the trial court."  *Nathan v. Ohio State University,* No. 2:10-cv-872, 2013 WL 139874, *2 (citing *Bracy v. Gramley,* 520 U.S. 899 (1997)).  "Because a magistrate judge exercises the discretion of the District Court in the first instance in deciding discovery questions, a magistrate judge's order on discovery should be reviewed by a district judge on objections under Fed. R. Civ. P. 72(a) for 'abuse of discretion.'" (Internal citations omitted.)  *Id.*  "An abuse of discretion occurs when * * * the district court's decision is clearly unreasonable, arbitrary, or fanciful."  *Campbell v. Warden, London Correctional Inst.,* No. 1:14-cv-13, 2015 WL 422255, *2 (S.D. Ohio Feb. 2, 2015).

Staying discovery is unreasonable under the circumstances.  The parties did not unanimously consent to the jurisdiction of the Magistrate. Therefore, rulings on dispositive motions are reserved for the district judge.  Ultimately, the Court has

3

discretion on when to rule on dispositive motions.  This could extend beyond the discovery cut-off date of July 1, 2015.  If Mr. Slorp cannot conduct discovery he would be severely prejudiced in the likely event the Court denies Defendant's motions to dismiss.  Mr. Slorp does not have any guarantee that the Court would permit him ample time to complete discovery.

The 6th Circuit held Mr. Slorp stated a claim for relief under RICO.  (ECF No. 36.)  It analyzed Mr. Slorp's claim under the same standard as a Motion to Dismiss.  (*Id.*)  Mr. Slorp's RICO claim is based, in part, on the relationship between the bank and its attorney.  This requires discovery of information potentially subject to some claim of privilege and confidentiality.  Mr. Slorp has repeatedly informed the Court that discovery would be extensive and contested.  It is inevitable that the parties will engage in motion practice over these matters.  Staying discovery ties Mr. Slorp's hands.  Mr. Slorp would find himself in contempt if he moved to compel discovery while it was stayed.  Staying discovery unreasonably delays Mr. Slorp's ability to recover for Defendants' wrongful conduct.

Mr. Slorp initially filed this case nearly three years ago.  (ECF No. 1.)  He has expended considerable time and resources to get the point where he could even begin to conduct discovery.  That door has now been prematurely shut.  Under these circumstances staying discovery is unreasonable.

Defendants did not formally move the Court to stay discovery.  The only readily apparent reason to stay discovery is to preserve judicial resources.  While Mr. Slorp appreciates concerns of costs, time, and resources, Mr. Slorp must have adequate time to

conduct discovery, and is concerned that the stay unfairly prejudices his opportunity to be heard in a case three years old.

### III.     Conclusion

For the foregoing reasons, Mr. Slorp respectfully requests this Court overrule the Magistrate's Order staying discovery.

> Respectfully Submitted,
> DOUCET & ASSOCIATES, CO., LPA
>
>
> *s/ Andrew J. Gerling*
> Andrew J. Gerling (0087605)
> Troy J. Doucet (0086350)
> *Attorney for Plaintiff Rick A. Slorp*
> 700 Stonehenge Parkway, Suite 2B
> Dublin, OH  43017
> Telephone: (614) 944-5219
> Fax: (818) 638-5548
> E-Mail: andrew@troydoucet.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2015, I caused this document to be electronically filed with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt, pursuant to Fed.Civ.R.P. 5(b)(3) and Loc.R. 5.2(b):

| | |
|---|---|
| Cynthia M. Fischer, Esq.<br>Kimberlee S. Rohr, Esq.<br>Brad J. Terman, Esq.<br>Rick  D. DeBlasis, Esq.<br>Lerner, Sampson & Rothfuss, LPA<br>120 East Fourth Street, Suite 800<br>Cincinnati, OH  45202<br>*Attorneys for Defendants Lerner,*<br>*Sampson & Rothfuss*<br>*and Shellie Hill* | Bryan T. Kostura, Esq.<br>James W. Sandy, Esq.<br>McGlinchey Stafford<br>25550 Chagrin Boulevard, Suite 406<br>Cleveland, OH  44122-4640<br>bkostura@mcglinchey.com<br>jsandy@mcglinchey.com<br>*Attorney for Defendant, Bank of*<br>*America, N.A. and*<br>*MERS* |

> *s/ Andrew J. Gerling*
> Andrew J. Gerling (0087605)