UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICK A. SLORP,

    Plaintiff,

v.

LERNER, SAMPSON & ROTHFUSS, *et al.*

    Defendants.

CASE NO. 2:12-CV-498
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE NORAH MCCANN KING

## OPINION AND ORDER

This matter is before the Court on Defendants Bank of America, N.A. ("BANA") and Mortgage Electronic Systems, Inc.'s ("MERS") Motions to Dismiss (ECF No. 43) and Defendants Lerner, Sampson & Rothfuss ("LSR") and Shellie Hill's Motion to Dismiss (ECF No. 44) Plaintiffs' Second Amended Complaint (ECF No. 26) for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court **DENIES** Defendants' motions.[1]

### I.

Rule 12(b)(6) requires the Court to construe the complaint in Plaintiffs' favor, accepting the factual allegations of the complaint as true, and then determining whether the factual allegations present any plausible claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). In his Opposition to Defendants' Motions to Dismiss, Plaintiff contends that he has adequately pled sufficient facts to state a claim for relief under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § § 1961-68. (ECF No. 47).

---

[1] Plaintiff also moves for reconsideration (ECF No. 56) of the Order of the Magistrate Judge staying further discovery pending this Court's decision on Defendants' Motions to Dismiss (ECF No. 55). This Court **DENIES** the Plaintiff's motion as moot in light of this opinion.

The posture of this case is different than at first blush, in that it is before this Court on remand from the Sixth Circuit. The facts of this case are discussed in detail in the Sixth Circuit's unpublished opinion, *Slorp v. Lerner, Sampson & Rothfuss*, 2014 U.S. App. LEXIS 18816 (6th Cir. Sept. 29, 2014) (ECF No. 36, Page ID 373).

Briefly, Plaintiff signed a Note payable to Countrywide Bank FSB ("Countrywide") on December 14, 2007, and executed a mortgage providing a security interest in his home in Dublin, Ohio. This case relates to alleged misconduct in a state-court foreclosure action. LSR filed a foreclosure action on behalf of its client, BANA, on July 21, 2010. At issue was the question of whether a purported assignment of Plaintiff's mortgage from Countrywide to BANA was valid. The state court awarded judgment to BANA. Plaintiff retained counsel, who questioned the assignment's validity, and he sought to depose the LSR employee who had executed the assignment. BANA "promptly dismissed the foreclosure action, and the state court vacated its judgment." *Id.*, (ECF 36, Page ID 374).

Plaintiff then filed this lawsuit against the Defendants to recover the attorney's fees he spent contesting the foreclosure action. Defendants moved to dismiss the complaint, and Plaintiff sought leave to amend the complaint to add a civil claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § § 1961-68. This Court granted the Defendants' motions to dismiss and denied Plaintiff's motion for leave to amend the complaint to add the RICO claim, finding that such an amendment would be futile because the Court found that Plaintiff had not alleged "any cognizable injury." (ECF No. 31, Page ID 349, 365). Plaintiff appealed to the Sixth Circuit.

## II.

The Sixth Circuit affirmed the dismissal of the original complaint, but remanded the case to this Court with "instructions to permit Slorp to amend his complaint to add a RICO claim." *Id.*, (ECF No. 36, Page ID 375). In doing so, the Sixth Circuit explained that

> "[t]he denial of a motion to amend the complaint ordinarily is reviewed for abuse of discretion. *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 743 (6th Cir. 2002). When denial is on the basis of futility, however, the decision is reviewed *de novo*." *Id.*

*Id.*, (ECF No. 36, Page ID 392).

On *de novo* review, the Sixth Circuit set forth an analysis of the allegations required to successfully plead a sufficient RICO complaint in this instance, stating

> "[t]he germane provision of RICO makes it unlawful for a person employed by or associated with an enterprise that affects interstate commerce to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c)."

*Id.*, (ECF No. 36, Page ID 392).

The Court then applied the requirements to the facts alleged in count five (RICO) of the proposed amended complaint and provided a detailed analysis of each element, and the facts that supported each element of Plaintiff's claim. (ECF No. 31, Page ID 392-401). The Court also addressed in turn each one of the Defendants' arguments in support of their position that amendment of the complaint would be futile:

> "(1) Slorp cannot recover RICO damages because his injuries are attributable to his own default rather than to the defendants' initiation of foreclosure proceedings; (2) Slorp's proposed amended complaint does not identify a pattern of racketeering activity because it does not allege a plausible scheme or artifice to defraud; and (3) Slorp does not allege sufficient facts to support the existence of an enterprise."

*Id.* (ECF No. 36, Page ID 393).

The Sixth Circuit considered the Defendants' arguments in view of the factual allegations in the complaint:

> "The defendants argue that 'it was his mortgage default . . . which caused Slorp to have to defend the foreclosure action, not anything contained within the Assignment.' But the factual premise of this argument contradicts the factual allegations in Slorp's complaint and overlooks our obligation to assume the veracity of those allegations. Slorp alleges that the assignment was fraudulent and that the defendants had no right to foreclose on his house. If the defendants were not authorized to initiate the foreclosure proceedings, Slorp's injuries were caused by their fraud rather than his own alleged default."

3

> "According to the complaint, Hill was an authorized agent of neither MERS nor Countrywide, and she therefore lacked the authority to assign the mortgage to Bank of America. Assuming that to be true, as we must, Bank of America wrongfully initiated foreclosure proceedings against Slorp, and his damages were proximately caused by the defendants' institution of fraudulent foreclosure proceeding that led Slorp to incur attorney's fees. The allegedly fraudulent assignment allowed the defendants to perpetrate and conceal the fraud by precluding the state court from ascertaining whether the defendants were the proper parties to initiate the foreclosure proceedings. On those facts it was the defendants' alleged misrepresentations rather than Slorp's default that led to his injuries. Had the proper mortgagee, whoever that is, elected to initiate its own foreclosure proceedings against Slorp, he would have faced double liability, and the defendants' fraudulent assignment would have led to the anomalous and unlawful result of two separate mortgages – one real and one fraudulent – foreclosing on Slorp's house. The fact that the legitimate mortgagee has not initiated foreclosure proceedings only reinforces the conclusion that the defendants' allegedly fraudulent foreclosure led to Slorp's injuries."
>
> "To be sure, Slorp's injuries will vanish if the defendants prove that Bank of America was the legitimate mortgagee. But this case came to the district court on a motion to dismiss, and in that posture the court was required to accept the veracity of Slorp's factual allegation. Slorp alleges injuries to his property that were proximately caused by the defendants' allegedly baseless initiation of foreclosure proceedings and the fraudulent assignment of his mortgage. He is thus entitled to recover damages for those injuries unless he fails to satisfy his evidentiary burden, either on summary judgment or at trial."

*Id.*, (ECF No. 396-397).

### III.

The Sixth Circuit has long held that, when a case has been remanded by an appellate court, the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), *cert. denied,* 414 U.S. 859 (1973). The "law of the case" doctrine precludes a court from "reconsideration of identical issues." *Id.* "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Coal Resources, Inc. v. Gulf & Western Ind.*, 865 F.2d, 761,766, *opinion amended on denial of reh'g,* 877 F.2d 5 (6th Cir.1989) (citations omitted). Furthermore, the trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces."

4

*Brunet v. City of Columbus,* 58 F.3d 251, 254 (6th Cir.1995). In this case, the Sixth Circuit provided a thorough analysis of the allegations in the proposed amended complaint, and on *de novo* review found that "the allegations in Slorp's complaint are sufficient to survive a motion to dismiss." *Slorp v. Lerner, Sampson & Rothfuss*, 2014 U.S. App. LEXIS 18816 (6th Cir. Sept. 29, 2014) (ECF No. 36, Page ID 400).

### IV.

Accordingly, the Court **DENIES** Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motions to Dismiss (ECF No. 43) and **DENIES** Defendants Lerner, Sampson & Rothfull and Shellie Hill's Motion to Dismiss (ECF No. 44).

**IT IS SO ORDERED.**

9-23-2015
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**